Patrick T. Derksen (State Bar I.D. No. 023178)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: pderksen@wdlawpc.com

Attorneys for Trustee, Jill H. Ford

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| CONWELL O. PONATH and CHERYL J. PONATH, | ) Case No. 2:22-bk-00304-BKM |
| Debtors. | ) **TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS** |

Pursuant to 11 U.S.C. § 522 and Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, the Chapter 7 trustee, Jill H. Ford ("Trustee"), through her attorneys, Witthoft Derksen, P.C., objects to the exemptions claimed by Conwell O. Ponath and Cheryl J. Ponath (the "Debtors") in the real property at 3960 N. 310th Ln. Buckeye, Arizona 85396, the 2004 Toyota Avalon and the 2008 Toyota Sienna listed in Debtors' Amended Bankruptcy Schedule C filed on April 22, 2022 at Docket No. 33.[1] The Trustee objects to the exemptions claimed in the foregoing assets because Debtors do not specify the exact dollar amount claimed as exempt in each asset. Instead, Debtors claim an exemption in "100% of fair market value, up to any applicable statutory limit" which is insufficient as detailed below and in the *Trustee's Objection to Debtors' Claimed Exemptions* filed on March 25, 2022 at Docket No. 28 (the "Original Objection") which is incorporated herein by this reference.

As noted in the Original Objection and in follow up correspondence to Debtors' counsel, Debtors' claimed exemptions are ambiguous, given that the applicable statutory limit for real

property and vehicles varies. A.R.S. § 33-1101 provides for a homestead exemption of $250,000.00. However, 11 U.S.C. § 522(p)(1) limits a debtor's ability to utilize the Arizona homestead exemption to $170,350 if the property was acquired within the 1,215 day period preceding the petition date. *See*, *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). Under Arizona's vehicle exemption statute, each Debtor is entitled to an exemption in one motor vehicle not in excess of a fair market value of $6,000.00. A.R.S. § 33-1125(8). If a debtor or debtor's dependent has a physical disability, the vehicle exemption increases to $12,000. Debtors' attempt to exempt "100% of fair market value, up to any applicable statutory limit" is ambiguous and makes it impossible to determine the appropriate exemption amounts.

In addition, the exact dollar amounts of the claimed exemptions are necessary for the Trustee to determine: (1) if the exemptions are appropriately applied; (2) if there is any equity for the estate as of the Petition Date; and (3) if there may be any post-petition appreciation for the estate. Without the specifying the exact dollar amounts being claimed as exempt, the Trustee cannot accurately determine if the exemptions are appropriately applied, what may be available for creditors or if there may be post-petition appreciation for the estate.

Finally, Debtors need to provide the exact dollar amounts of the claimed exemptions as part of Debtors' affirmative duties of cooperating with the Trustee in the preparation of an inventory and the administration of the estate. *See*, 11 U.S.C. § 521 and Fed. R. Bankr. P. 4002. The Trustee needs the exact amounts to comply with her duties of administering the estate, including providing the necessary accounting/reporting. The Trustee cannot simply guess based on a number that is uncertain. Without the specific dollar amounts claimed as exempt, the Trustee cannot prepare the required inventory or complete administration of the estate.

The reasons for this Objection are further detailed and articulated in the Original Objection which is hereby reiterated as though fully set forth herein. Unless and until Debtors

---

[1] Capitalized terms used but not otherwise defined in this Objection have the meanings given to them in the Original Objection.

1 (1) specify the exact dollar amount claimed as exempt in each asset, and (2) demonstrate they properly apply the claimed exemptions, the Debtors' claimed exemptions in the Real Property, the 2004 Avalon and the 2008 Sienna should be denied.

WHEREFORE, the Trustee respectfully requests this Court enter its Order: (1) denying the Debtors' claimed exemption in the Real Property, the 2004 Avalon and the 2008 Sienna until such time as Debtors specify the dollar amount claimed as exempt in each; (2) for the Trustee's attorneys' fees and costs incurred herein; and (3) for such other and further relief this Court deems just and proper under the circumstances of this case.

Respectfully submitted.

**WITTHOFT DERKSEN, P.C.**

By /s/ Patrick T. Derksen             #023178
    Patrick T. Derksen
    Attorneys for Jill H. Ford, Trustee

COPIES of the foregoing were served May 20, 2022 via the
Court's CM/ECF Notification System on all parties that requested notice in this case;
and COPIES were *e-mailed/mailed to the following parties:

*Larry Watson, Esq.
United States Trustee's Office
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003-1706
Larry.Watson@usdoj.gov

*Jill H. Ford
P.O. Box 5845
Carefree, Arizona 85377
Chapter 7 Trustee
jford@trustee.phxcoxmail.com

Conwell O. Ponath
Cheryl J. Ponath
3960 N. 310th Lane
Buckeye, AZ 85396
Debtors

*David Allegrucci
Allegrucci Law Office PLLC
307 N. Miller Rd
Buckeye, AZ 85326
alopllc@aol.com
Attorneys for Debtors

/s/ Aimee Bourassa