sdDavid Allegrucci (#12611)
***Allegrucci Law Office, PLLC***
307 North Miller Road
Buckeye, AZ. 85326
PH (623) 412-2330
FAX(623) 878-9807
alopllc@aol.com
Attorney for Petitioner(s)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CONWELL O. PONATH,<br>and<br>CHERYL J. PONATH,<br><br>               Debtor(s). | Case No.: 2:22-bk-00304-BKM<br>In Proceedings Under Chapter 7<br><br>**RESPONSE IN OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS** |

NOW COMES the Petitioners above captioned (hereinafter collectively "the Ponaths"), by and through counsel, in opposition to "Trustee's Objection to Debtors' Claimed Exemptions," case docket number 36, (hereinafter "Objection") filed on behalf of the Chapter 7 Case Trustee (hereinafter "Trustee"). The basis for the Ponaths' Opposition is that FRBP 9009 requires the use of national forms without material alteration and the Ponaths' current homestead was purchased with proceeds from the sale of their previous homestead. Said Opposition is set forth within the Memorandum below.

RESPECTFULLY SUBMITTED this 3rd day of June, 2022.

                                  Allegrucci Law Office, PLLC

                                  /s/ David Allegrucci
                                  Attorney(s) for Petitioner(s)

**MEMORANDUM**

I.  Incorporation.

   1. The Ponaths incorporate herein, by reference, the complete content of their "Response in Opposition to Trustee's Objection to Debtors' Claimed Exemptions," case docket number 32.


II. Official Forms Cannot Be Altered.

   (a) Official Forms. ==The Official Forms prescribed by the Judicial Conference of the United States shall be used without alteration==, except as otherwise provided in these rules, in a particular Official Form, or in the national instructions for a particular Official Form. ==Official Forms may be modified to permit minor changes not affecting wording== or the order of presenting information, including changes that:
   (1) expand the prescribed areas for responses in order to permit complete responses.
   (2) delete space not needed for responses; or
   (3) delete items requiring detail in a question or category if the filer indicates—either by checking "no" or "none" or by stating in words—that there is nothing to report on that question or category.
   (b) Director's Forms. The Director of the Administrative Office of the United States Courts may issue additional forms for use under the Code.
   (c) Construction. The forms shall be construed to be consistent with these rules and the Code.
   [emphasis added]
   FRBP 9009

   2. The Trustee is denying the Ponaths the opportunity to utilize an

option for the claim of exemptions in an Official form. The effect thereof, to the Ponaths, is a material alteration of an Official form. As such, the Trustee's efforts are barred by FRBP 9009. *Id.*

    3. "… minor changes not affecting wording…" are permitted to Official Forms. *Id.* Prohibiting debtors from choosing on Schedule "C", "100% of fair market value, up to any applicable statutory limit," is not a minor change to this Official Form.

III.    <u>The Ponaths' Current Homestead Was Purchased With Funds From Their Prior Homestead.</u>

    4. The Ponaths have amended their Schedule "C" to claim more than the $170,350.00 pursuant to 11 USC §522(p)(2)(B). *See* case docket number 33. This amendment is based upon the following matters of public record.

    5. Attached hereto as Exhibit "A" is a declaration from Ms. Ponath explaining the down payment for their current homestead came from the sales proceeds from the sale of their prior homestead. *Id.* at ¶¶ 2-3.

    6. Attached hereto as Exhibit "B" are the deed from the sale of the Ponaths' former homestead and the closing statement for that sale. That closing statement indicates the Ponaths received the sum of $58,269.57 on March 26, 2019 from that sale. *Id.*

    7. Attached hereto as Exhibit "C" are the deed from the purchase of the Ponaths' current homestead and the closing statement for that purchase. That closing statement indicates the Ponaths paid the sum of $1,000.00 as a

deposit, $10,753.04 to close, $30,700.00 for a pool holdback, and $4,583.26 of miscellaneous fees on April 16, 2019. *Id.* This date was less than one (1) month between the date the Ponaths received their funds from the sale of the prior homestead and the date they closed on their present homestead. Please note that the address of the Ponaths' prior homestead, and current homestead, both appear on the opening page of the closing statement within Exhibit "C" hereto.

### A) The Ponaths Are Entitled To The Full Amount Of The Arizona Homestead Exemption.

(p)(1) Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $125,000 in value in-
(A) real or personal property that the debtor or a dependent of the debtor uses as a residence;
(B) a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence;
(C) a burial plot for the debtor or a dependent of the debtor; or
(D) real or personal property that the debtor or dependent of the debtor claims as a homestead.
(2)(A) The limitation under paragraph (1) shall not apply to an exemption claimed under subsection (b)(3)(A) by a family farmer for the principal residence of such farmer.
(B) For purposes of paragraph (1), ==any amount of such interest does not include any interest transferred from a debtor's previous principal residence== (which was acquired prior to the beginning of such 1215-day period) ==into the debtor's current principal residence==, if the debtor's previous and current residences are located in the same State.
[emphasis added]
11 U.S.C. §522(p)

8. Attached hereto as Exhibit "D" is the deed transferring ownership of

the Ponath's Tonopah homestead to them April 27, 2015. This was more than six (6) years prior to the petition date in this case. This was prior to the "1215-day period" above.

9. The statute above provides that the limitation on the amount of a homestead exemption "… does not include any interest transferred from a debtor's previous principal residence…" This statute does not require all of the proceeds from the sale of a "…debtor's previous principal residence…" be placed in the new principal residence. Since the funds for the down payment of the Ponaths' current homestead, came from the sale of their prior homestead (*See* Exhibit "A", ¶¶ 3-4), the present equity in the current homestead is solely attributable to the equity from the sale of the prior homestead. Again, the applicable statute uses the phrase "… any interest…" *Id*. This statute does not require transfer of all equity from the sale of the prior "principal residence" to the "principal residence" purchased within the "1215-day period" prepetition. *Compare* the Arizona homestead exemption statutes.

> The homestead exemption, not exceeding the value provided for in subsection A of this section, automatically attaches to the person's interest in identifiable cash proceeds from the voluntary or involuntary sale of the property. The homestead exemption in identifiable cash proceeds continues for eighteen months after the date of the sale of the property <mark>or until the person establishes a new homestead with the proceeds</mark>, whichever period is shorter. The homestead exemption does not attach to the person's interest in identifiable cash proceeds from refinancing the homestead property. Only one homestead exemption at a time may be held by a person under this section.
> [emphasis added]
> A.R.S. §33-1101(C)

10. Arizona requires a homeowner to purchase a new homestead "… with the proceeds…" to continue the homestead protection from the prior homestead to the next homestead of a debtor. *Id.* The *United States Bankruptcy Code* does not so require that of bankruptcy debtors. *See* ¶ 9 *supra.*

11. The current Amended Schedule "C" is the correct claim of exemption for the Ponath's present homestead. *See* case docket number 33.

WHEREFORE, based upon the foregoing, the Petitioner(s) pray that this Court:

    a) deny the Objection;

    b) grant such other and further relief as the Court deems just and equitable.

Allegrucci Law Office, PLLC

/s/ David Allegrucci
Attorney(s) for the Petitioner(s)

A copy of the foregoing was sent to the following on the 3rd day of June, 2022, by first class U.S. Mail to:

Mr. Patrick T. Derksen
Suite 1006
3550 North Central Avenue
Phoenix, Arizona 85012
Attorney for the Trustee

/s/ David Allegrucci